UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER TRYBUS,

                              Plaintiff,
                    v.
NIAGARA COUNTY JAIL MEDICAL STAFF
SUPERVISOR,
THE SHERIFF/WARDEN,
THE DOCTOR, and
JAMES R. VOUTOUR, Niagara County Sheriff,

                          Defendants.

_____

                                                REPORT
                                              and
                                 RECOMMENDATION

                               13 -CV-00602A(F)

APPEARANCES:        CHRISTOPHER TRYBUS, Pro Se
                        102 Dunlop Avenue
                        Tonawanda, New York  14150

                        GIBSON, McASKILL & CROSBY, LLP
                        Attorneys for Defendant Voutour
                        ELIZABETH M. BERGEN, of Counsel
                        69 Delaware Avenue
                        Buffalo, New York  14202-3866

       This action was referred to the undersigned by Hon. Richard J. Arcara on

February 19, 2015, for pretrial matters including preparation of a report and

recommendation on dispositive motions.  The matter is presently before the

undersigned on Defendant Voutour's motion[1] (Doc. No. 9), filed May 1, 2014, seeking

dismissal for failure to state a claim.

       Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 10,

2013, alleging that while being held as a pre-trial detainee in the Niagara County Jail

("the Jail"), from March 3, 2011 to September 2011, Defendants, all employees of

Niagara County Jail, subjected Plaintiff to cruel and unusual punishment in violation of

_____
[1] The court notes only Defendant Voutour has been served.

the Eighth Amendment by allegedly failing to provide Plaintiff with proper medical care.[2]

In particular, Plaintiff alleges that despite advising, upon his arrival at the Jail,

Defendants that Plaintiff required certain medical treatment to care for his transplanted

kidney, Defendants were deliberately indifferent to such serious medical need, and that

the denial of the required medical care caused Plaintiff kidney failure resulting in

Plaintiff's loss of the transplanted kidney such that Plaintiff must now undergo kidney

dialysis three times per week.

Defendant Voutour, the only Defendant to have been served, has filed a motion

(Doc. No. 9) ("Defendant's motion"), seeking to dismiss the Complaint for failure to state

a claim for which relief can be granted, arguing Plaintiff failed to exhaust available

administrative remedies regarding his claim.  Defendant's motion is supported by, *inter*

*alia*, the attached Affidavit of Daniel Engert (Doc. No. 9-1) ("Engert Affidavit"), with

exhibits A and B (Defendant's Exh(s). __"), and a Memorandum of Law (Doc. No. 9-3)

("Defendant's Memorandum").   By order filed May 15, 2014 (Doc. No. 12), Plaintiff was

given until June 30, 2014, to file a response opposing Defendant's motion.  To date,

however, Plaintiff has not filed any papers responding to Defendant's motion.

On a motion to dismiss under Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)"), the court

looks to the four corners of the complaint and is required to accept the plaintiff's

allegations as true and to construe those allegations in the light most favorable to the

plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Goldstein v. Pataki*, 516 F.3d

---

[2] It is noted that although Plaintiff asserts his denial of medical care claim under the Eighth Amendment, a
pretrial detainee's source of protection against dangerous prison conditions is the Fourteenth
Amendment's Due Process Clause. *Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009) (because a
pretrial detainee is not being punished, "a person detained prior to conviction receives protection against
mistreatment at the hands of prison officials under . . . the Due Process Clause of the Fourteenth
Amendment if held in state custody).

50, 56 (2d Cir. 2008) (court is required to liberally construe the complaint, accept as true

all factual allegations in the complaint, and draw all reasonable inferences in the

plaintiff's favor).  The Supreme Court requires application of "a 'plausibility standard,'

which is guided by '[t]wo working principles.'"  *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir.

2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and quoting *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009)). "To survive a motion to dismiss, a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The

factual allegations of the complaint "must be enough to raise a right to relief above the

speculative level on the assumption that all the allegations in the complaint are true."

*Twombly*, 550 U.S. at 570.

In support of the motion seeking dismissal of the Complaint for failure to state a

claim, as well as in opposition to such motion, Defendant submits exhibits including,

*inter alia*, a copy of the Jail's Inmates' Handbook ("the Handbook"),[3] provided to

detainees upon arriving at the Jail, and a copy of the Jail's Inmate Processing Form

("Inmate Form"),[4] bearing Plaintiff's signature and indicating Plaintiff was in receipt of

the Handbook.  Significantly, if the court on a motion to dismiss under Rule 12(b)(6),

considers matters presented outside the pleadings, the motion must be treated as one

for summary judgment under Red.R.Civ.P. 56, with all parties given notice of the

conversion and a reasonable opportunity to present all the materials pertinent to the

motion.  Fed.R.Civ.P. 12(d).  Here, although Defendant maintains there is no need to

convert Defendant's motion to summary judgment because Defendant has submitted

---

[3] Engbert Affidavit Exh. A.
[4] Engbert Affidavit Exh. B.

proof that Plaintiff was in possession of all such exhibits submitted by Defendant in

support of the motion, mere notice or possession of such documents is not, as

Defendant suggests, Defendant's Memorandum at 3 & n. 1, enough to avoid conversion

to summary judgment, but the Plaintiff's reliance on the terms and effects of such

documents in drafting the Complaint are required.  *See Chambers v. Time Warner, Inc.*,

282 F.3d 147, 152-53 (2d Cir. 2002) ("a plaintiff's reliance on the terms and effects of a

document in drafting the complaint is a necessary prerequisite to the court's

consideration of the document on a dismissal motion; mere notice or possession is not

enough.").  A plain reading of the Complaint fails to establish Plaintiff relied on the

Handbook or the Inmate Form in bringing this action such that Defendant relies on

Plaintiff's mere possession of such documents to avoid converting the instant motion to

summary judgment.[5]  Here, however, there is no need to convert Defendant's motion to

summary judgment because although Defendant has relied on documents extraneous

to the Complaint in drafting the motion to dismiss, the court need not rely on such

documents in determining that Defendant's motion should be granted.  *See Cleveland v.*

*Caplaw Enterprises*, 448 F.3d 518, 522 (2d Cir. 2006) (holding district court not required

to covert motion to summary judgment despite moving party's submission of documents

outside the pleadings in support of motion to dismiss, because court did not rely on

such documents in determining the motion, but only on the pleadings and contract

incorporated by reference).

---

[5] The conversion of Defendant's motion to summary judgment would require that Plaintiff receive notice that his failure to respond in opposition may result in the grant of summary judgment in favor of Defendants.  *See Irby v. New York City Transit Authority*, 262 F.3d 412, 414 (2d Cir. 2001) (vacating district court's grant of summary judgment against *pro se* plaintiff to whom neither moving defendant nor the court provided notice of the consequences of failing to respond) ("*Irby* notice").  Defendant's motion does not provide the required *Irby* notice.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e provides, in relevant part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined at any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The PLRA's exhaustion requirement applies to pretrial detainees, see *Dye v. Virts*, 2004 WL 2202638, at *5-*6 (W.D.N.Y. Sept. 28, 2004) (dismissing claims by count jail inmate for failure to exhaust jail's administrative remedies for grievances); as well as to claims asserting deliberate indifference to serious medical need.  *Abney v. McGinnis*, 380 F.3d 663, 667 (2d Cir. 2004) (holding the PLRA's exhaustion of administrative remedies requirement applies to all suits regarding prison life, whether involving general circumstances or particular episodes, or alleging excessive force or some other wrong).

In the instant case, a plain reading of the Complaint establishes a complete absence of any reference to Plaintiff's attempt to exhaust administrative remedies prior to commencing this action, or any allegation by Plaintiff that any exception to the PLRA's exhaustion requirement applies such as that no administrative remedies were available or exhaustion would have been futile.  *See, e.g.*, *Johnston v. Maha*, 460 Fed.Appx. 11, 14-15 (2d Cir. Feb. 2, 2012) (vacating in part district court's grant of summary judgment in favor of defendants based on county jail inmate plaintiff's failure to exhaust administrative remedies with regard to assault claim against correctional officer because the jail's grievance procedures became unavailable to plaintiff upon his transfer from the jail less than two days after alleged assault).  As such, Defendant's

motion seeking to dismiss the Complaint for failing to comply with the PLRA's

exhaustion of administrative remedies requirement should be GRANTED.

     In light of Plaintiff's *pro se* status, however, the Complaint should be dismissed

without prejudice and with leave to replead should Plaintiff believe he complied with the

PLRA exhaustion prerequisite.  *See Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.

1991) (dismissal of *pro se* plaintiff's complaint for failure to state a claim ordinarily

should be with leave to file an amended complaint).  Plaintiff should be directed to file

any amended complaint **within 30 days** of the District Judge's determination on this

Report and Recommendation.

Respectfully submitted,

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    February 23, 2015
            Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn*,  474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*,  892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*,  838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the Plaintiff and the attorneys for the Defendant.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      February 23, 2015
            Buffalo, New York